People v Anelson (2025 NY Slip Op 50797(U))

[*1]

People v Anelson

2025 NY Slip Op 50797(U)

Decided on May 21, 2025

Criminal Court Of The City Of New York, Kings County

Zelmanovitz, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 21, 2025
Criminal Court of the City of New York, Kings County

The People of the State of New York

against
Jeffery Anelson, Defendant.

Docket No. CR-024693-25KN

The People were represented by Assistant District Attorney Joshua Abraham of the Kings County District Attorney's Office.
The defendant was represented by Jacob Segall of The Legal Aid Society.

Jacob Zelmanovitz, J.

At the arraignment in this matter, the People made an oral application for a temporary order of protection ("TOP"), pursuant to CPL § 530.13 (1). The defendant opposed the application. For the reasons set forth below, the application is DENIED.
BACKGROUND
The People filed the felony complaint in this matter on May 21, 2025. The defendant is alleged to have deposited an alerted check for $2,959 at a check cashing business, and has been charged with grand larceny in the fourth degree (Penal Law § 155.30 [1]), criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [1]), petit larceny (Penal Law § 155.25), and criminal possession of stolen property in the fifth degree (Penal Law § 165.40).
The defendant was arraigned on that complaint in Part AR1 and was released on his own recognizance, upon consent of the People. At the arraignment, the People made an oral application for a TOP in favor of the general manager of the check cashing business (the "witness"). The defendant opposed the application.
DISCUSSION
Where a defendant is charged with a family offense, CPL § 530.12 (1) provides that a court "may issue a temporary order of protection . . . ." For non-family offenses, such as in the case at bar, CPL § 530.13 (1) provides that a court "may for good cause shown issue a temporary order of protection . . . ." (emphasis added).
A clear conclusion can be drawn from the additional requirement of "good cause shown" set forth in CPL § 530.13 (1), especially when compared to the absence of that requirement in CPL § 530.12 (1). Specifically, under the plain language CPL § 530.12 (1), the allegation of a family offense alone is enough for the issuance of a TOP, without the need to demonstrate any [*2]further reason for the TOP. However, the allegation that a defendant committed a crime that is not a family offense will not by itself be enough. There must also be a showing of "good cause" for the TOP (CPL § 530.13 [1]). 
This "good cause" is undefined, and there appears to be no case law on the matter. Yet it is evident that something more than merely the existence of criminal charges must be demonstrated to obtain a TOP. 
In the instant matter, the defendant has been charged with grand larceny and other related offenses, but not a family offense under CPL § 530.12 (1). Therefore, the "good cause shown" requirement of CPL § 530.13 (1) must be satisfied. There are no allegations of violence by the defendant, neither directed towards the witness or otherwise — indeed, the People have acknowledged on the record that defendant is not known to have any history of violent acts. Furthermore, the People do not claim that the defendant ever threatened or even interacted in any way with the witness. 
Nevertheless, the People maintain that they have shown good cause for a TOP. They state that the defendant has committed a crime, and that the witness may be called upon to testify in the trial of the defendant for that crime. Therefore, the People argue, there is good cause for a TOP, as it is necessary to protect the witness from the defendant.[FN1]

This is not "good cause" within the meaning of CPL § 530.13 (1), as such circumstances exist in almost all criminal cases. Where a defendant is charged with a crime, there will almost always be a witness, and the People will always want to protect that witness. If the crime is a family offense, that may be enough to justify a TOP, as CPL § 530.12 (1) does not require anything more. However, the additional language in CPL § 530.13 (1) requiring "good cause" makes it clear that, without some additional circumstances, a desire to protect a witness in a criminal case is not sufficient cause to issue a TOP. There must be an additional articulated reason to fear for the witness's safety, based on added facts alleged on the record. 
No such showing has been made here.
CONCLUSION
As they have failed to show good cause as required by CPL § 530.13 (1), the People's application for a temporary order of protection is DENIED.
This constitutes the decision and order of the Court.
Dated: May 21, 2025
Hon. Jacob Zelmanovitz
Judge, Criminal Court

Footnotes

Footnote 1:While they have not raised it in the instant matter, in other similar applications the People have stated that a TOP would be necessary to overcome a potential witness's reluctance to testify. This is of no matter, as the appropriate remedy for such an issue is, pursuant to Article 610 of the Criminal Procedure Law, a subpoena directed towards the witness, not an order of protection directed towards the defendant.